UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80177-Cannon/McCabe

HOWARD COHAN,

      Plaintiff,

v.

LOCH BAR BOCA, LLC ,

      Defendant.

_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs

("Motion"), which was referred to the undersigned by United States District Judge Aileen M.

Cannon.  (DE 13, DE 14).  For the reasons set forth below, the undersigned **RECOMMENDS** that

the Motion be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded

$3,302.50 in attorneys' fees and $1,964.70 in taxable costs and expenses, for a total of $5,267.20.

**I.**     **BACKGROUND**

On February 16, 2024, Plaintiff filed a complaint alleging that Defendant violated the

Americans with Disabilities Act ("ADA").  (DE 1).  Defendant, who was served with Plaintiff's

complaint, failed to file a responsive pleading or otherwise defend this case.  (DE 6, DE 11).  As

a result, on May 30, 2024, the District Judge granted in part Plaintiff's Motion for Final Default

Judgment against Defendant and denied Plaintiff's request for attorneys' fees and costs without

prejudice, instructing Plaintiff to file a separate motion for such relief.  (DE 11 at 6).  Following

these instructions, on June 4, 2024, Plaintiff filed this Motion, seeking an award of prevailing party

attorneys' fees and costs.  (DE 13).  Defendant failed to respond to this Motion and the time to do

so has expired.

## II.   DISCUSSION

Plaintiff seeks $3,330.00 in attorneys' fees and $2,364.70 in costs and expenses, for a total

of $5,694.70.  (DE 13 at 2, DE 13-1 at 4-5).  The Court will address each component in turn.

### A.   Attorneys' Fees

#### 1.   Entitlement

Pursuant to 42 U.S.C. § 12205, the Court may award reasonable attorneys' fees to a

prevailing party in an ADA case.  A "prevailing party" is one who receives "at least some relief on

the merits of his claim…."  *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human*

*Res.*, 532 U.S. 598, 603-04 (2001).  Prevailing party fees should ordinarily be awarded "in all but

special circumstances."  *Under Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978).

In this case, Defendant defaulted, and the District Judge entered injunctive relief in Plaintiff's

favor on the ADA violation alleged in the complaint.  (DE 13 at 1-6).  The Court therefore finds

Plaintiff to be a prevailing party.  *See Cohan v. SNJ Petroleum, Inc.*, 9:19-CV-81077, 2020 WL

1844203, at *1–2 (S.D. Fla. Mar. 10, 2020), *R. & R. adopted*, 2020 WL 1844160 (S.D. Fla. Apr. 13,

2020) (finding plaintiff to be the prevailing party where court entered default judgment on plaintiff's

injunctive relief claim under the ADA).  The Court finds no special circumstances that would justify

a departure from the ordinary rule awarding attorneys' fees to a prevailing ADA plaintiff.

#### 2.   Amount

Having found entitlement, the Court next turns to amount.  Plaintiff requests $3,330.00 in

attorneys' fees for 9.8 hours of work performed by two timekeepers from February 13, 2024 through

April 22, 2024.  (DE 13 at 2, DE 13-1 at 4-5).  The Eleventh Circuit uses the "lodestar" method to

calculate a reasonable attorneys' fee award.  *Norman v. Housing Auth. of Montgomery*, 836 F.2d

1292, 1299 (11th Cir. 1999).  That is, to achieve a reasonable attorneys' fee award, the Court multiplies the number of hours reasonably expended on the case by the reasonable hourly rate.  *Id.* The fee applicant bears the burden to prove reasonableness.  *Id.*  In addition, the Court may use its own experience in assessing the reasonableness of attorneys' fees.  *Id.*

### i.      Hourly Rates

The first step in calculating the lodestar is to determine reasonable hourly rates.  A reasonable hourly rate depends on "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  Here, Plaintiff seeks an hourly rate of $350.00 for work performed by attorney Gregory S. Sconzo.  (DE 13 at 2, DE 13-2 at 4-7).  In support, Mr. Sconzo includes an affidavit detailing his educational and professional background.  (DE 13-1 at 1-2).  The Court finds $350.00 to be a reasonable rate based on Mr. Sconzo's professional background as well as the Court's own experience.

Plaintiff also seeks an hourly rate of $150.00 for work performed by Legal Assistant Perri Miller.  (DE 13 at 2).  According to Local Rule 7.3(a)(5)(A), a motion for attorneys' fees must provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought." S.D. Fla. L.R. 7.3(a)(5)(A).  Other than explaining that Ms. Miller is a legal assistant, the Motion and supporting affidavit do not describe Ms. Miller's experience or qualifications or otherwise explain the reasonableness of the requested rate.  As the Court cannot fully assess the requested rate for Ms. Miller's work, the Court will reduce the rate from $150.00 to $95.00.  *See Caplan v. 101 Vapor & Smoke, LLC*, No. 1:18-CV-23049-KMM, 2019 WL 13260857, at *5 (S.D. Fla. Aug. 21, 2019), *R. & R. adopted*, 2019 WL 13260858 (S.D. Fla. Sept. 16, 2019) (reducing paralegal rate from $125.00 to $95.00 due to the lack of information required under Local Rule 7.3(a)(5)(A)).

### ii. Hours Spent

The next step in calculating the lodestar is to determine the reasonable number of hours expended on the case.  In support of the request here, Plaintiff provides a time log containing a breakdown of tasks performed on the case, including dates, time spent, and descriptions of work. (DE 13-1 at 4-5).  According to the time records, Attorney Sconzo spent 9.3 hours on the case, and Legal Assistant Miller spent .5 hours.  (DE 13-1 at 4-5).  Having reviewed the billing entries, the Court finds the hours to be reasonable.  The Court therefore awards total attorneys' fees of $3,302.50, calculated as follows:

| | | |
|---|---|---|
| Attorney Sconzo | 9.3 hours × $350 = | $3,255.00 |
| Leg. Asst. Miller | .5 hours × $95 = | $47.50 |
| Total | | $3,302.50 |

### B. Costs & Expenses

Plaintiff also seeks a total of $2,364.70 in costs and expenses.  (DE 13 at 2, DE 13-1 at 5-6). Specifically, Plaintiff requests $62.70 for the process server, $402 for the filing fee, and $1,900 for the expert fee.  (DE 13 at 2, DE 13-1 at 5-6).  The Court will first address taxable costs under 28 U.S.C. § 1920, then turn to the other expenses available under the ADA.

### 1. Taxable Costs Under § 1920

Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks $402.00 for the filing fee and $62.70 for the process server.  The record shows Plaintiff paid the filing fee (DE 1) and served the Defendant (DE 4).  The Court therefore allows these costs.  *See Mikail v. 24/7 Glob. Sec., Inc.*, No. 1:22-CV-23450-KMM, 2024 WL 555142, at *5 (S.D. Fla. Jan. 24, 2024), *R. & R. adopted*, 2024 WL 552153 (S.D. Fla. Feb. 12, 2024) (awarding costs for the filing fee and process server where the docket shows the receipt for the filing fee and the executed summons).

## 2.      Other Expenses Under the ADA

In addition to the costs authorized in § 1920, the ADA authorizes an award of litigation expenses.  *See* 42 U.S.C. § 12205.  The ADA's allowance of "'litigation expenses' is much broader than the provisions of § 1920, and it includes expenditures for items that are related to the advancement of the litigation."  *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006) (cleaned up).

Plaintiff seeks $1,900 for an expert hired to assess ADA violations prior to the suit.  In support, Plaintiff attaches the expert's affidavit, her curriculum vitae, an invoice describing the work performed, and her resulting non-compliance report.  (DE 13-2 at 6-32).  The Motion and attachments fail to explain the amount of time spent by the expert on each task.  Also, the invoice appears to contain an error, referring to a review of ADA violations at the "Holiday Inn Express Cruise – Airport."  (DE 13-2 at 32).   This leaves the Court somewhat uncertain as to the exact

work performed by the expert.

Under similar circumstances, some courts in this district have denied expert fees in their entirety.  *See, e.g.*, *Kennedy v. Bonom Enterprises, Inc*., No. 18-CV-62175, 2019 WL 1429513, at *4 (S.D. Fla. Mar. 29, 2019) (denying expert fees due to lack of sufficient information); *Cohan v. Baby Marathon*, *LLC*, No. 20-60185, 2020 WL 6731041, at *5 (S.D. Fla. Oct. 27, 2020), *R. & R. adopted*, 2020 WL 6729393 (S.D. Fla. Mar. 29, 2019) (same).  Other courts have taken a different track, opting instead to reduce the expert fee based on lack of detail.  *See, e.g.*, *Caplan v. Mallory*, No. 19-62103-CIV, 2021 WL 883493, at *5 (S.D. Fla. Feb. 26, 2021), *R. & R. adopted*, 2021 WL 879198 (S.D. Fla. Mar. 9, 2021) (reducing expert fees); *Houston v. S. Bay Inv. #101, LLC*, No. 13-80193-CV, 2013 WL 3874026, at *3 (S.D. Fla. July 25, 2013) (same).

After considering the facts and circumstances of this case, the Court opts to reduce the expert fee to $1,500.  *See Mallory*, 2021 WL 883493, at *5 (reducing expert fee to $1,500 in default judgment ADA case).  The Court therefore awards total taxable costs and expenses as follows:

| | |
|---|---|
| Filing Fee | $402.00 |
| Process Server | $62.70 |
| Expert | $1,500.00 |
| Total | $1,964.70 |

## III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Attorneys' Fees (DE 13) be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded $3,302.50 in attorneys' fees and $1,964.70 in taxable costs and expenses, for a total of $5,267.20.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 11th day of July 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE